# United States Court of Appeals for the Federal Circuit

---

**FRED E. EVANS, NANCY A. EVANS, RANDY W. FROEBE, DEBRA J. FROEBE, GENEVA GRUBBS, NORMA LOU HALL, SHIRLEY HENDRICKS, DAVID HOUSER, GAIL HOUSER, PATRICK J. O'BRYAN,** Trustee of the Patrick J. O'Bryan Revocable Living Trust Under Agreement Dated 9/7/2001**, LESTER ROARK, DONALD LEE ROPER, II,** AND **B. LORENE SOPER**

*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-1303

---

Appeal from the United States District Court for the District of Kansas in case no. 09-Cv-2096, *Chief Judge* Kathryn H. Vratil.

---

**EDWARD L. BRIGHT, II, CLARENCE FORKNER, HOMER E. HAMILTON, DEBBIE M. HAMILTON, RICKY D. RUSSELL, BRADY J. STUART,** AND **ROSE M. STUART,**

*Plaintiffs-Appellants,*

AND

**EARLEEN FAUVERGUE,**
*Plaintiff,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

————————————

2010-1385

————————————

Appeal from the United States District Court for the Western District of Missouri in case no. 09-CV-5014, Judge Richard E. Dorr.

————————————

Decided: September 17, 2012

————————————

MARK F. ("THOR") HEARNE, II, Arent Fox, LLP, of Clayton, Missouri, for all plaintiffs-appellants. With him on the brief were MEGHAN S. LARGENT and LINDSAY S.C. BRINTON.

KATHERINE J. BARTON, Attorney, Environmental and Natural Resources Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief was IGNACIA S. MORENO, Assistant Attorney General.

————————————

Before RADER, *Chief Judge*, NEWMAN and PLAGER, *Circuit Judges.*

PLAGER, *Circuit Judge.*

The base case in this litigation began as a Rails-to-Trails takings suit in the Court of Federal Claims, brought by a landowner against the United States for a taking under the Fifth Amendment to the Constitution. That suit, proposed as a class action suit, digressed into a dispute with the Government over the applicability of the statute of limitations to later-filing landowners. These later-filing landowners, appellants here, were landowners who own property similarly situated along the trail in Kansas and Missouri, and sought to join the suit after it was filed. The trial court held against the Kansas and Missouri landowners, and denied joinder.[1] On appeal to this court, that dispute was resolved in *Bright v. United States* by a decision in the landowners' favor.[2] The merits case, with an enlarged group of plaintiffs, is now back in the Court of Federal Claims.

Meantime, however, pieces of the litigation found their way into Federal District Courts in Kansas and Missouri. Again the statute of limitations issue regarding later-filing landowners arose, and again the trial courts held adversely to the landowners; however, those judgments were rendered before this court's decision was issued in *Bright*. Now unresolved is what, if anything, in the light of *Bright* remains of the two adverse district court judgments? The parties, unable to agree, ask us to solve that puzzle, which we do by vacating those judgments and remanding the cases with instructions to the district courts to dismiss them.

---

[1]    *Fauvergue v. United States*, 86 Fed. Cl. 82 (2009).
[2]    *Bright v. United States*, 603 F.3d 1273 (Fed. Cir. 2010).

BACKGROUND

Appellants are a group of landowners in several states who sought to join an existing suit as plaintiffs against the United States, brought in 2008 in the Court of Federal Claims under the Tucker Act.[3]  The initial plaintiff land owner had characterized her suit as a class action on behalf of herself and similarly situated persons; these later-filing plaintiffs qualified as such persons.  The initial class action complaint had been filed before the running of the six year statute of limitations for actions brought under the Tucker Act;[4] however, the plaintiffs who sought to join the suit (opt in) as named parties did not do so until after the six year period had run.

The Government objected to the class plaintiff amending her complaint to include these additional plaintiffs, arguing that her filing of the class action complaint did not toll the statute of limitations as to putative class members who had failed to file their claims within six years of the date on which those claims accrued.  The Court of Federal Claims ruled in the Government's favor, and refused to permit the original plaintiff to amend her complaint to permit joinder of these additional plaintiffs; their suits were dismissed as time barred.

The plaintiffs timely appealed the Court of Federal Claims' decision to this court.  They also filed what they

---

[3]    28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.").

[4]    28 U.S.C. § 2501.

termed "protective suits" under the "Little Tucker Act"[5]—the Kansas property owners in the Kansas District Court and the Missouri owners in the Missouri District Court. In the District Court suits, the Government, relying on the decision of the Court of Federal Claims that these actions by the later-filing plaintiffs were all time barred, moved to dismiss the complaints. Plaintiffs, in light of their pending appeal to this court of the decision of the Court of Federal Claims, moved to stay the district court actions. They argued that the district court cases would be moot if this court decided the appeal in the Court of Federal Claims case in their favor. They also noted that, since any appeals from the district court actions on this issue would also be taken to this court, the district courts before rendering judgment should have the benefit of the views of this court.[6]

The Government, however, foregoing the opportunity to minimize the waste both of its own and plaintiffs' litigation resources, not to mention that of scarce judicial resources, opposed plaintiffs' motions to stay, insisting that the district court suits proceed despite the pending appeal.

The district courts acquiesced in the Government's insistence, and undertook to decide the several arguments the Government presented as to why the plaintiffs' suits should be dismissed. With regard to the late-filing/statute of limitations argument, both trial courts ruled, based on the reasoning and conclusions reached in

---

[5]   28 U.S.C. § 1346. The "Little Tucker Act" authorizes the same types of suits to be brought against the Government in the Federal district courts as those authorized in the Court of Federal Claims under the "Big" Tucker Act, so long as the damages sought do not exceed $10,000.

[6]   28 U.S.C. § 1295.

the earlier Court of Federal Claims decision, that the filing of the original class action did not toll the running of the statute of limitations as to later similarly-situated plaintiffs. These plaintiffs were therefore time barred.

While all this was going on in the district courts, the initial appeal of the ruling by the Court of Federal Claims, that the original class action filing did not toll the statute of limitations as to the later-filing landowners, had been proceeding in this court. In May 2010 we issued our decision on that appeal. We held, based on governing Supreme Court cases, that the Court of Federal Claims' ruling was incorrect as a matter of law; we ordered the trial court to permit the joinder of the later-filing plaintiffs' claims and to proceed to address the merits of the enlarged case. *See Bright*, 603 F.3d at 1290.

Confusedly, there were now of record two judgments against the plaintiffs handed down by the district courts—judgments which on their face were at least in part inconsistent with our ruling in *Bright*. What to do? The plaintiffs moved the Missouri District Court to reconsider its decision in light of this court's *Bright* decision. That court declined to do so, stating that the plaintiffs' proper remedy was by way of appeal of that court's decision to this court. Plaintiffs then appealed both district court rulings to this court, which we consolidated into the current case. (As an aside, though it has no direct bearing on the outcome of this appeal, the enlarged class action suit in the Court of Federal Claims has been proceeding on the merits; we are advised that other plaintiffs, in addition to those here, have been added to the suit. A joint status report indicates that the parties are engaged in settlement negotiations.)

DISCUSSION

What then is the issue remaining in this appeal? Plaintiffs start out by asking us to remand the two district court cases with instructions to those courts to reconsider their rulings in light of this court's decision in *Bright*, believing that the district courts would then correct their rulings and allow the cases to be voluntarily dismissed without prejudice. Why do the plaintiffs care? Plaintiffs argue that the outstanding judgments against them may have important negative consequences—they wish to litigate this case only in the Court of Federal Claims, and having these outstanding district court judgments against them on a key question may cause confusion and uncertainty. By not following *Bright*, they argue, these district court decisions are erroneous as a matter of law and may possibly mislead courts, litigants, and commentators, causing unnecessary confusion and further litigation. In the alternative, plaintiffs urge that if we proceed to review the merits of the dismissals we should summarily reverse the district court decisions by applying *Bright* to them.

One might have supposed that the Government, having found itself mired in this messy litigation in three different courts, would readily accede to plaintiffs' proposal for a voluntary dismissal of the district court cases. This would get those cases laid to rest and permit the Government to concentrate its efforts on the merits of the Court of Federal Claims case. To so suppose would be a mistake.

The Government opposed the plaintiffs' effort in the district courts to have the cases voluntarily dismissed, and the Government opposes it here. The Government argues first that plaintiffs' appeal is defective—the appeal itself should be dismissed as moot. That is because what

the plaintiffs propose—they want to have their suits in the district courts dismissed—makes their appeal in effect asking this court for a purely advisory opinion. Second, the Government argues that, even if the appeal is not moot, there are a host of technical problems with what plaintiffs seek, ranging from there being no relevant change in law to support a remand, to an argument that the district court judgments should be affirmed because this court's decision in *Bright* eliminated the basis for the plaintiffs' claimed right to file suit in the district courts.

In their reply to the Government, plaintiffs shifted their request to this court from one of a remand for the district courts to reconsider their decisions in light of *Bright*, to one of a remand with instructions for the district courts to vacate the decisions as moot. The Government, in lieu of oral argument and with our permission, filed a Surreply. There the Government argued that vacatur was unwarranted, in part because that argument was waived since it was not raised in plaintiffs' opening brief, and because vacatur is inappropriate since it was the plaintiffs' voluntary decision to proceed with their claims in the Court of Federal Claims that rendered these appeals moot. The plaintiffs respond by noting it was this court's decision in *Bright* that rendered the district courts' decisions no longer relevant, rather than something the plaintiffs did.

When a case becomes moot on appeal, the "established practice" is to vacate the decision below with a direction to dismiss. *United States v. Muningswear, Inc.*, 340 U.S. 36, 39 (1950). The Supreme Court has recognized exceptions to this practice if the party seeking appellate relief fails to protect itself or is the cause of the subsequent mootness. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (vacatur inappropriate because parties settled while appeal was pending); *Karcher v. May*, 484

U.S. 72, 83 (1987) (denying vacatur when a case is moot only because the losing party failed to pursue appeal). Here, the plaintiffs did not settle the case, nor did they fail to appeal. Rather, this court resolved the controversy with its decision in *Bright*. We decline to extend the exceptions identified in *U.S. Bancorp* and *Karcher,* neither of which apply to this case.

Furthermore, we must confess to some puzzlement over exactly what all this *sturm und drang*[7] is about. We must wonder why plaintiffs originally sought on appeal the roundabout course of a remand for the trial courts to reconsider, rather than seeking a simple and straightforward vacature in the first instance. And even more puzzling is why the Government, after *Bright* was decided, pursued the course it chose in the district courts and in this appeal, seeking with every possible argument—even if so thin as to border on the frivolous—to avoid acquiescing in plaintiffs' effort to have the district court judgments put aside and to proceed on the merits in the Court of Federal Claims.

It is the case that the tolling of the statute of limitations issue was not the only ground on which the Government sought dismissals of the district court cases, and it was not the only ground on which the district courts ruled. But the issue before us in this appeal is not the merits vel non of the district courts' decisions in granting, on whatever grounds, the Government's motions to dismiss appellants' cases. The issue is, in view of *Bright* and our remand to the Court of Federal Claims for trial of the takings issues that lie at the base of this case, whether the determination of the ultimate law of the case is ad-

---

[7] *See* Friedrich Maximilian von Klinger, *Der Wirrwarr, oder Sturm und Drang* (1776).

vanced or hindered by having these "protective" suits, clearly no longer relevant, left outstanding of record.

We are not persuaded by any of the Government's arguments that we should stay our hand and leave the law of the case in a state of contention and confusion. Indeed, as the Government itself stated, "[n]o case or controversy remains with regard to Claimants' takings claims in the district court, claims that they insist they are pursuing solely in the CFC." The fact that plaintiffs did not suggest a direct vacature until their Reply brief is irrelevant. A court's authority to issue a proper order in deciding a case is not dependent on counsel's noting or not noting that authority. Furthermore, we do not sit to judge arguments, but to determine whether the judgment rendered below should stand.

In this appeal, it is clear beyond peradventure that these district court cases can play no useful role in the resolution of the merits case before the Court of Federal Claims, which is the only case that now matters in this litigation. Accordingly, in the interest of judicial efficiency and economy, we summarily vacate the judgments in these two district court cases, and remand with instructions that the trial courts promptly dismiss the respective cases without prejudice, nunc pro tunc.

## CONCLUSION

The judgments in the cases on appeal are vacated; the cases are remanded to the respective trial courts with instructions to dismiss the cases without prejudice, nunc pro tunc. The remand ordered in *Bright* to the Court of Federal Claims for decision on the merits remains fully in effect.

## COSTS

Costs awarded to plaintiffs.

**VACATED AND REMANDED**